# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERWIN REDDING,
        Plaintiff          :     CIVIL NO. 3:15-cv-1047

    v.

R. BILINSKI, *et al.*,      :     (Judge Mariani)
        Defendants    :

**FILED SCRANTON**

JUN 1 2 2015

PER _____ DEPUTY CLERK

## MEMORANDUM

Plaintiff, Erwin Redding, an inmate formerly confined at the United States Penitentiary in Lewisburg, Pennsylvania, ("USP-Lewisburg"), initiated the instant action pursuant to 28 U.S.C. § 1331. (Doc. 1). He seeks to proceed *in forma pauperis*. (Doc. 2). Preliminary review of the complaint reveals that Plaintiff includes unrelated claims against two named individuals and several "unidentified" individuals employed at USP-Lewisburg. Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, Plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rules of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

## I.   Applicable Rules of Pleading

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise, and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to

or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).

## II.  Discussion

Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20. Named as Defendants are R. Bilinski and T. Crawford, correctional officers at USP-Lewisburg. (Doc. 1, p. 2). Also named as Defendants several unidentified individuals employed at USP-Lewisburg. (*Id.* at p. 3). Plaintiff alleges that "on December 6, 2013, Correctional Officer (c/o) T. Crawford while escorting me handcuffed behind my back slammed me face first on the first floor landing of C-Block at USP-Lewisburg, and punched & kicked me." (*Id.*). Plaintiff then alleges that "on January 27, 2014 c/o Bilinski slammed me on the floor of the shower room of B-Block while I was handcuffed behind my back. He made racial comments/slurs." (*Id.* at p. 3). Plaintiff further alleges that on both occasions, other "unidentified officers" assaulted him. (*Id.*).

2

Upon review, the complaint includes unrelated claims which allegedly arose between the dates of December, 2013, and January, 2014.  Additionally, the claims involve different individuals and do not arise out of the same transaction or occurrence, or series of transactions or occurrences.  While plaintiff will be granted an opportunity to file an amended complaint, he is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties.  "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992).

The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20.  Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action.  Allowing a prisoner to include separate, independent claims, would circumvent the filing fee requirements of the PLRA.

III.   **Conclusion**

Although Plaintiff's complaint violates Federal Rules of Civil Procedure 8 and 20, he will be afforded the opportunity to amend his complaint.  To the extent that he believes that he has been subjected to more than one violation of his rights, and inasmuch as these violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.

3

An appropriate order will issue.


Date:  June 12, 2015

Robert D. Mariani
United States District Judge